# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0283-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

D.T.B.,

     Defendant-Appellant.

_____

> Submitted December 2, 2019 – Decided December 18, 2019
>
> Before Judges Ostrer and Vernoia.
>
> On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 13-12-3306.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Frank M. Gennaro, Designated Counsel, on the brief).
>
> Damon G. Tyner, Atlantic County Prosecutor, attorney for respondent (John Joseph Santoliquido, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant D.T.B. appeals from an order denying his post-conviction relief (PCR) petition without an evidentiary hearing. Based on our review of the record in light of the applicable legal principles, we affirm.

Defendant was charged in Atlantic County Indictment No. 13-12-3306 with six counts of first-degree human trafficking, N.J.S.A. 2C:13-8; six counts of third-degree promoting prostitution, N.J.S.A. 2C:34-1(a)(4)(c); and single counts of second-degree sexual assault, N.J.S.A. 2C:14-2(c); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); and fourth-degree unlawful possession of stun gun, N.J.S.A. 2C:39-3(h). With the assistance of counsel, defendant resolved those charges, and charges in Atlantic County Indictment No. 15-02-0406,[1] through a negotiated plea agreement with the State. The plea agreement provided that in exchange for defendant's plea of guilty to sexual assault, possession of a weapon for an unlawful purpose, and one count of human trafficking under Indictment No. 13-12-3306, the State agreed to recommend an aggregate sentence not to exceed twenty years and the dismissal of Indictment No. 15-02-0406.

---

[1] The record does not include Indictment No. 15-02-0406 or describe the charges in the indictment.

A-0283-18T4

Defendant pleaded guilty in accordance with the agreement. During his plea proceeding, defendant testified that on August 28, 2013, he committed a sexual assault upon C.R. by physically forcing and coercing vaginal penetration on her. He also testified that on the same day, he possessed a stun gun for the unlawful purpose of pointing it at C.R. to coerce her to go with him to the motel where he sexually assaulted her and "to keep her present during the sexual assault." Defendant further testified that he committed the offense of human trafficking on August 8, 2013, by causing or threatening to cause serious bodily harm to F.T., and by preventing her from leaving the motel, for the purpose of requiring that she continue to work for him as a prostitute. The court later sentenced defendant in accordance with the plea agreement.[2]

Defendant did not file a direct appeal. Instead, he filed a timely pro se PCR petition generally claiming ineffective assistance of his plea counsel. Following the assignment of counsel, defendant filed a second verified petition

---

[2] Defendant received a seven-year sentence on the second-degree sexual assault charge, subject to the requirements of the No Early Release Act, N.J.S.A. 2C:43-7.2, and a concurrent three-year sentence on the possession of a weapon for an unlawful purpose charge. The court imposed a consecutive thirteen-year sentence on the human trafficking charge. The court also imposed the special sentence of parole supervision for life, N.J.S.A. 2C:43-6.4, and ordered defendant's compliance with the requirements of Megan's Law, N.J.S.A. 2C:7-1 to -23.

3

detailing his claim that his plea counsel was ineffective. More particularly, defendant asserted: (1) plea counsel did not advise him there was surveillance video from the motel where the sexual assault occurred "that would have shown that C.R. was willingly with" him; (2) plea counsel failed to advise him that C.R. provided "conflicting accounts of her participation in prostitution"; (3) plea counsel did not provide him with discovery showing that, J.V., an alleged victim in one of the human trafficking counts that was dismissed pursuant to the plea agreement, had a criminal history including a disorderly persons prostitution conviction and a New York misdemeanor conviction for prostitution; and (4) plea counsel did not provide him with a statement J.V. provided to the police, which he contends conflicted with another statement she had provided. Defendant also generally averred that "[h]ad [he] been aware of all of the aforementioned, [he] would not have entered into the plea agreement and would have insisted on proceeding to trial."

The PCR court heard oral argument on the petition and, in a detailed written opinion, denied the petition without an evidentiary hearing. The court found defendant failed to sustain his burden of establishing a prima facie case of ineffective assistance of counsel under the two-pronged standard established in Strickland v. Washington, 466 U.S. 668 (1984), and adopted by our Supreme

4

Court in State v. Fritz, 105 N.J. 42, 58 (1987). The court noted that under the Strickland standard, defendant was required to present competent evidence demonstrating that: (1) his counsel committed errors that were so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment; and (2) there is a reasonable probability that but for counsel's alleged errors the result of the plea proceeding would have been different. Strickland, 466 U.S. at 687.

The court also explained that to establish ineffective assistance of counsel in the context of a plea proceeding, a defendant must demonstrate that counsel's performance was deficient and there is a reasonable probability that but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial. See State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009). That is, a defendant must show that not pleading guilty would have been "rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010).

Relying on our decision in State v. Cummings, the court also noted that to establish a prima facie claim of ineffective assistance of counsel, a defendant must present competent evidence, in the form of "affidavits or certifications based upon . . . personal knowledge," or otherwise, setting forth the facts supporting the claim. 321 N.J. Super. 154, 170 (App. Div. 1999). A defendant

may not rely on "bald assertions" to satisfy the burden of demonstrating a prima facie case of ineffective assistance of counsel. Ibid.

The court carefully measured the facts presented in the verified petitions against these standards. The court rejected defendant's claim his counsel's performance was deficient by allegedly failing to procure a video recording from the motel. The court found the claim was untethered to any competent evidence that a video existed, or that, if it did, it would show C.R. was at the motel voluntarily. The court noted the State's denial that it ever had any surveillance recording from the motel and concluded defendant's claim a recording existed constituted nothing more than a bald assertion.

The court similarly found defendant's claim his counsel's performance was ineffective by failing to advise him that C.R. gave conflicting statements is not supported by any competent evidence. Defendant did not submit transcripts of the purported statements or otherwise demonstrate that any statements by C.R. conflicted. Left with only defendant's bald assertion that C.R. gave conflicting statements,[3] the court found defendant failed to demonstrate his counsel's performance was deficient by failing to provide them.

---

[3] Even without any demonstration by defendant that C.R. gave conflicting statements, the court reviewed video recordings of statements made by C.R. and

(continued)

A-0283-18T4

For the same reason, the court determined defendant failed to provide competent evidence that his counsel's performance was deficient by not providing him with allegedly conflicting statements made by J.V. The court explained defendant did not provide any evidence showing J.V. made statements that conflicted.

The court also addressed defendant's final claim: that his plea counsel failed to inform him about J.V.'s prior convictions and that pending charges against J.V. had been dismissed.[4] The court noted that even if defendant's counsel's performance was deficient by failing to provide such information, defendant failed to satisfy the second prong of the Strickland standard on the claim, and had similarly failed to satisfy the second prong on his three other claims.

---

did not "glean any relevant contradictions." Defendant does not challenge the court's finding.

[4] The PCR petition does not include an assertion that plea counsel failed to inform defendant that charges against J.V. were dismissed. Thus, the court may have properly rejected the claim because it is not supported by competent evidence. PCR petitions must be "accompanied by an affidavit or certification by defendant, or by others, setting forth with particularity," State v. Jones, 219 N.J. 298, 312 (2014), "facts sufficient to demonstrate counsel's alleged substandard performance," ibid. (quoting State v. Porter, 216 N.J. 343, 355 (2013)).

The court found even if defendant had presented competent evidence that his counsel's performance was deficient in the manners alleged in his four claims, his petition must be denied because he did not present evidence that but for his counsel's purported errors, there is a reasonable probability the result of the plea proceeding would have been different. See Strickland, 466 U.S. at 687. The court observed defendant was required to demonstrate that but for his counsel's errors, he would have insisted on going to trial, Nuñez-Valdéz, 200 N.J. at 139, and not pleading guilty would have been "rational under the circumstances," Padilla, 559 U.S. at 372.

The court determined defendant made no such showing. Indeed, other than his bald assertion that but for his counsel's purported errors, he would have rejected the plea offer and proceeded to trial, defendant offered no evidence or argument that not pleading guilty would have been rational under the circumstances. See ibid. Because it is defendant's burden to establish both prongs of the Strickland standard, his failure to present any evidence satisfying the requirements of the second prong required a denial of the petition. See State v. Gaitan, 209 N.J. 339, 350 (2012) ("Although a demonstration of prejudice constitutes the second part of the Strickland analysis, courts are permitted leeway to choose to examine first whether a defendant has been prejudiced, and

A-0283-18T4

if not, to dismiss the claim without determining whether counsel's performance was constitutionally deficient."(citation omitted)).

Nonetheless, the court detailed defendant's extensive sentencing exposure on the charges contained in the two indictments and the benefit of the substantial reduction in his sentencing exposure he obtained from the plea agreement. The court also noted that any issues related to J.V.'s alleged convictions or conflicting statements would not have affected defendant's decision to plead guilty because even if he was found not guilty of the charges in which J.V. was an alleged victim, he had a 131-year sentencing exposure on the remaining charges against him. Defendant could not demonstrate any prejudice based on his counsel's alleged failure to obtain the alleged video recording or purported conflicting statements of C.R. because there was no showing they existed in the first instance.

In sum, the court found defendant failed to present any evidence satisfying the requirements of the second prong of the Strickland standard. The court further found defendant's failure to establish either prong of the standard required the denial of his request for an evidentiary hearing. See R. 3:22-10(b) (providing that a defendant "shall be entitled to an evidentiary hearing only upon establishment of a prima facie case in support of" PCR). The court entered an

order denying the PCR petition without an evidentiary hearing. This appeal followed.

Defendant offers the following argument for our consideration:

POINT ONE

THE PCR COURT ERRED BY DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING ON THE CLAIMS THAT HIS TRIAL ATTORNEY PROVIDED HIM WITH INEFFECTIVE ASSISTANCE[.]

A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS FOR INEFFECTIVE ASSISTANCE OF COUNSEL EVIDENTIARY HEARINGS AND PETITIONS FOR POST-CONVICTION RELIEF[.]

B. COUNSEL'S PERFORMANCE DURING PLEA NEGOTIATIONS[.]

II.

We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 419 (2004) (citing Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)). The de novo standard of review applies to mixed questions of fact and law. Id. at 420. Where an evidentiary hearing has not been held, it is within our authority "to conduct a de novo review of both

the factual findings and legal conclusions of the PCR court." Id. at 421. We apply that standard here.

Defendant does not challenge the court's finding that he failed to sustain his burden of presenting evidence demonstrating a prima facie case of ineffective assistance of counsel under the Strickland standard. Instead, he contends he was entitled to an evidentiary hearing so the discovery materials plea counsel shared with him could be subject to "proper evaluation" and plea "counsel [could] provide testimony regarding his performance during the plea negotiation process."

Defendant's argument is without sufficient merit to warrant discussion in a written opinion, R. 2:11-3(e)(2), and we affirm substantially for the reasons set forth in the PCR court's well-reasoned written decision. We add only the following brief comments.

An evidentiary hearing should only be granted if a defendant has presented a prima facie claim of ineffective assistance of counsel. State v. Preciose, 129 N.J. 451, 463 (1992). "To establish a prima facie claim of ineffective assistance of counsel, a defendant must demonstrate the reasonable likelihood of succeeding under the test set forth in Strickland . . . ." Ibid. Where, as here, a "defendant's allegations are too vague, conclusory, or

speculative . . . an evidentiary hearing need not be granted." State v. Marshall, 148 N.J. 89, 158 (1997). Defendant asserts he should be granted a hearing to develop a record showing his plea counsel was ineffective, but "[t]he purpose of an evidentiary hearing is to permit [a] defendant to prove that he or she was improperly convicted . . . ; it is not an occasion for the defendant to question witnesses in an indiscriminate search for . . . grounds for" PCR. Ibid.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION